**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| ADRINNE HOOKER, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-18-2352 |
| | * |
| TUNNELL GOVERNMENT SERVICES INC., | |
| | * |
| Defendant. | |
| | * |

**MEMORANDUM OPINION**

Plaintiff Adrinne Hooker initiated this action in the Circuit Court for Montgomery County, Maryland alleging Maryland Wage Payment and Collection Law, Md. Code § 3-507-2 Lab. & Empl. (MWPCL), and breach of contract claims against Defendant Tunnell Government Services Inc. ECF No. 1-2. She alleges that Defendant violated the MWPCL or breached Plaintiff's employment contract when it terminated her employment rather than allowing her to use paid sick days or apply for short- or long-term disability benefits when she was injured and unable to work. *Id.* Following removal to this Court, ECF No. 1, Plaintiff filed a Motion to Remand, ECF No. 7. Defendant moved the Court to dismiss Plaintiff's Complaint, ECF No. 6, and requested leave to amend its Notice of Removal, ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion to Remand will be denied; Defendant's Motion to Dismiss will be granted in part and denied in part; and Defendant's Motion for Leave to File Amended Notice of Removal will be granted.

**I. BACKGROUND[1]**

In early 2014, Defendant hired Plaintiff as a senior quality assurance specialist. ECF No. 1-2 ¶ 4. Defendant paid Plaintiff a salary of approximately $100,000 per year and offered benefits including unlimited sick leave and short- and long-term disability insurance. *Id.* ¶ 4, 6. Defendant's employee manual mentions these benefits. *Id.* ¶ 6.

On March 25, 2015, Plaintiff was injured in an automobile accident. *Id.* ¶ 5. She then experienced serious and continuing neck and back pain and was unable to work full-time for a period of months. *Id.* ¶ 5. Around June 15, 2015, Defendant terminated Plaintiff because of her inability to perform work. *Id.* ¶ 7. At that time, Plaintiff requested that she be allowed to apply for short- and long-term disability. *Id.* Defendant denied that request. *Id.* Plaintiff was subsequently unable to find employment for comparable compensation for more than a year. *Id.* ¶ 8. She claims that she lost more than $100,000 in income because she was fired and denied the opportunity to apply for disability coverage. *Id.* ¶ 9.

On June 13, 2018, Plaintiff filed suit in the Circuit Court for Montgomery County, Maryland alleging state-law claims. ECF No. 1-2. On July 31, 2018, within thirty days of receiving service of the Complaint, Defendant filed a Notice of Removal that relied on federal question and supplemental jurisdiction. ECF No. 1. Specifically, Defendant asserted that Plaintiff's state-law claims for long-term disability benefits raise federal questions because they are subject to complete preemption by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*, ECF No. 1 ¶¶ 2, 6, and that the Court has supplemental jurisdiction over Plaintiff's remaining state-law claims, *id.* ¶ 16. According to Defendant,

---

[1] For the purposes of deciding Plaintiff's Motion to Remand, the Court assumes the jurisdictional facts alleged in Defendant's Notice of Removal, ECF No. 1, are true. To analyze Defendant's Motion to Dismiss, the Court assumes the facts alleged in Plaintiff's Complaint, ECF No. 1-2, are true.

Plaintiff's state-law claims for long-term disability benefits are artfully-pled claims to recover benefits due to her under an employee-welfare-benefit plan governed by ERISA. To support this allegation, Defendant points to its Long-Term Disability Plan (the Plan), which was in effect when Plaintiff requested to apply for long-term disability benefits. *Id.* ¶ 11 (citing ECF No. 1-3 at 5).[2] Under the Plan, a person becomes eligible for insurance when he becomes a member, and "member" is defined as:

> Any PERSON (OTHER THAN EXECUTIVE PERSON), residing in the United States, who is a U.S. citizen or is legally working in the United States, who is a full-time Employee of the Policyholder and who regularly works at least 30 hours a week. Work must be at the Policyholder's usual place or places of business, at an alternative worksite at the direction of the Policyholder, or at another place to which the Employee must travel to perform his or her regular duties . . .

ECF No. 1-3 at 12, 39. The definition of "Policyholder" includes Defendant. *Id.* at 42. To apply for long-term disability benefits under the Plan, a member must file "claim forms and other information." *Id.* at 28. The Plan specifies that the "Policyholder" is to "provide appropriate claim forms to assist [members] in filing claims." *Id.*

Plaintiff filed a Motion to Remand, arguing that the Court lacks subject-matter jurisdiction over her claims because the ERISA-governed Plan was not in effect when Plaintiff was injured in March 2015 although the Plan was in effect when Defendant denied Plaintiff the opportunity to apply for the benefits. ECF No. 7 at 4. Defendant opposed Plaintiff's Motion to Remand, ECF No. 11, and filed a Motion for Leave to Amend Notice of Removal to clarify that its ERISA-governed Plan has been continuously in effect since July 1, 2001 even though it became funded through a new policy effective May 1, 2015, ECF No. 10.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Based on the same ERISA-preemption argument that supports Defendant's Notice of Removal, Defendant moved to dismiss Plaintiff's long-term disability claims. ECF No. 6. Pursuant to Federal Rule of Procedure 12(b)(6), Defendant also moved to dismiss Plaintiff's MWPCL and breach of contract claims for denials of short-term disability and paid-sick leave. *Id.*

## II. DISCUSSION

### A. Motion to Remand

"Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting 28 U.S.C. § 1441(a) (2012)). This Court has original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Ordinarily, a plaintiff's claims "arise under" the laws of the United States, when the allegations in the well-pleaded complaint necessarily alleges a federal claim. 542 U.S. at 207.

Complete preemption, which "'converts an ordinary state common law complaint into one stating a federal claim,'" provides an exception to the well-pleaded complaint rule. *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "[W]hen complete preemption exists, 'the plaintiff simply has brought a mislabeled federal claim, which may be asserted under some federal statute.'" *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003) (quoting *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425 (4th Cir. 2003)). In these situations, removal is proper "regardless of the 'label' that the plaintiff has used" in her state court

complaint. *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (citing cases). Ultimately, the burden is on the defendant to show that removal is proper. *Id.* at 176.

If Defendant's Notice of Removal demonstrates that ERISA completely preempts Plaintiff's MWPCL and breach of contract claims for lack of access to long-term disability benefits, then removal was proper, and Plaintiff's Motion to Remand must be denied. ERISA's civil enforcement provision, § 502(a), allows an ERISA plan participant to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). Section 502(a) completely preempts a state-law claim when (1) a plaintiff has standing under the section; (2) the plaintiff's claim "falls within the scope of an ERISA provision that can [be] enforce[d] via § 502(a)"; and (3) the claim cannot be resolved "without an interpretation" of "an ERISA-governed employee benefit plan." *Sonoco*, 338 F.3d at 372 (quoting *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996)).

Here, Plaintiff has standing under § 502(a) to pursue her claim. A "participant or beneficiary" is entitled to pursue an ERISA claim under § 502(a)(1)(B) "to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A participant is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002. Plaintiff was Defendant's employee and per the terms of the Plan she became "eligible for insurance" when she became a "member"—a person who regularly worked at least 30 hours a week. ECF No. 1-3 at 39. Plaintiff does not dispute that she regularly worked at least 30 hours a week. Thus,

5

according to the Notice of Removal, Plaintiff was a plan participant with standing to pursue a claim under § 502(a).

Plaintiff's argument that she lacks standing to sue under ERISA because her injury occurred in March 2015 and the Plan did not become effective until May 2015 fails. Plaintiff was a plan participant when she was terminated and denied the opportunity to apply for long-term disability benefits in June 2015. Thus, she had standing as a "participant" to recover benefits due to her under the Plan and to more broadly enforce her rights under the plan, including her right to apply for benefits and be formally denied. § 1132(a)(1)(B). Plaintiff's claim that she lacks standing because she is not entitled to benefits under the Plan given its pre-existing condition bar is also incorrect. The term "participant" includes any employee who "may become eligible to receive a benefit." § 1002. Thus, even if Plaintiff is correct that she would be unable to recover long-term disability benefits because of the Plan's pre-existing-condition bar to coverage, Plaintiff remained a plan participant who may have become eligible to use benefits at another time. Further, Plaintiff's right to apply for benefits and be formally denied if deemed unentitled to those benefits is a distinct right that grants Plaintiff standing. In sum, the first element of the ERISA complete preemption test—whether the plaintiff has standing under § 502(a) to pursue her claim—is satisfied.

Next, Plaintiff's claim falls within the scope of an ERISA provision that can be enforced through § 502(a). Plaintiff claims that rather than being allowed to apply for long-term disability benefits, she was terminated. Pursuant to § 510, "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . for the purpose of interfering with the attainment of any right to which such participant may

6

become entitled under the plan[.]" 29 U.S.C. § 1140. This provision, which encompasses Plaintiff's claims, may be enforced through § 502. *Kahalas v. Claims Admin. Corp.*, No. DKC-92-2253, 1995 WL 795666, at *3 (D. Md. Mar. 16, 1995) ("Section 502(a) provides plan participants with a private right of action to sue to enforce certain provisions of ERISA, including § 510.").

Finally, Plaintiff's claim cannot be resolved without interpretation of the ERISA-governed Plan. Plaintiff alleges that she was inappropriately denied the opportunity to apply for long-term disability benefits. To determine whether Plaintiff had a right to apply for these benefits and Defendant had a duty to allow her to do so, the Court must look to the terms of the Plan and to ERISA, a federal statute. While Plaintiff is correct that the Court may interpret other documents, including, for example, the Defendant's employee manual, while resolving Plaintiff's claim, this does not change the inevitability that the ERISA-governed Plan will require interpretation.

Taken together, Plaintiff's state-law claims for access to long-term disability benefits are completely preempted by ERISA, meaning this Court has federal question jurisdiction. As explained in the Notice of Removal and unrebutted by Plaintiff, the Court has supplemental jurisdiction over Plaintiff's remaining state-law claims for access to paid-sick leave and short-term disability benefits because these claims are so related to the completely preempted long-term benefit claims that they form part of the same case or controversy. ECF No. 1 ¶ 16. Thus, Plaintiff's Motion for Remand will be denied.

### B. Motion to Dismiss

Defendant moves to dismiss each of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), which calls for dismissal where a complaint does not contain "sufficient

factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). When deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," and "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). Generally, if the Court considers matter outside the pleadings when deciding a defendant's 12(b)(6) motion, the Court must treat a motion to dismiss as one for summary judgment. *Jakubiak v. Perry,* 101 F.3d 23, 24 n. 1 (4th Cir. 1996). However, "the court may properly consider documents 'attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted). Plaintiff's argument that the Plan documents, which Defendant attached to its Motion to Dismiss, are not integral to the Complaint fails because Plaintiff's long-term disability claims cannot be resolved without interpretation of the ERISA-governed Plan. Given that these claims are predicated on Plaintiff's alleged entitlement to benefits under the Plan and rights under ERISA, the Court may consider the documents Defendants attached to the Motion to Dismiss without converting it to a summary judgment motion.

### 1. Claims for Long-term Disability Insurance (ERISA claims)

"When [a] federal statute *completely* pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Darcangelo,* 292 F.3d at 187 (emphasis in original). When a state-law claim falls within the scope of ERISA's civil enforcement action, "the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under § 502." *Id.* at 195.

8

State-law claims that are completely preempted should thus be evaluated as claims under § 502 for purposes of a motion to dismiss. *See id.* at 195–96 (evaluating preempted breach of contract claim as a claim for breach of fiduciary duties under § 502(a)(3)). The court may also "choose to grant plaintiff leave to amend her complaint in order to clarify the exact scope of relief requested under § 502(a)." *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 292 (4th Cir. 2003).

Although the parties only discuss whether Plaintiff's complaint alleges an ERISA claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B), Plaintiff's long-term disability insurance claims naturally convert to a claim under § 510, 29 U.S.C. § 1140. Section 510 "prevents unscrupulous employers from discharging" employees to prevent them from obtaining benefits. *See Conkwright v. Westinghouse Elec. Corp.,* 933 F.2d 231, 239 (4th Cir.1991) (collecting cases). The provision makes it unlawful for an employer to discharge an employee to interfere with the employee's exercise of rights under an ERISA-governed plan. According to the Complaint, Plaintiff was denied the opportunity to apply for long-term disability benefits. After Plaintiff was injured in a car accident, Defendant terminated Plaintiff without allowing her to file a claim for payments under the Defendant's long-term disability insurance plan. ECF No. 1-2 ¶¶ 7. To apply for long-term disability benefits under the Plan, Plaintiff would have had to file "claim forms and other information" with the Plan administrator. *Id.* at 28. The Plan specifies that the "Policyholder," in this case, Defendant, was to "provide appropriate claim forms to assist [] in filing claims." *Id.* Drawing all reasonable inferences in Plaintiff's favor, Plaintiff has alleged that Defendant discharged her to interfere with her right to apply for long-term disability benefits under the Plan. Further, to the extent that "the exact scope of relief requested under § 502(a)" by Plaintiff is unclear, Plaintiff has requested leave to amend her Complaint with

9

clarifications. ECF No. 9-1 at 8 n. 5 & 13. Defendant has not opposed this request. *See* ECF No. 12.

In sum, Plaintiff's MWPCL and breach of contract claims for long-term disability benefits will not be dismissed but will be treated as a federal claim under § 502 and § 510, and Plaintiff's request for leave to amend her Complaint will be granted.

### 2. Remaining State-law Claims[3]

Defendant has also moved to dismiss Plaintiff's MWPCL claim and breach of contract claims for short-term disability benefits and paid-sick leave.

The MWPCL, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.*, requires an employer to pay all wages due for work that an employee performed before the employee's termination. § 3-505(a). An employer need not pay accrued leave to an employee if:

> (1) the employer has a written policy that limits the compensation of accrued leave to employees;
>
> (2) the employer notified the employee of the employer's leave benefits in accordance with § 3-504(a)(1) of this subtitle; and
>
> (3) the employee is not entitled to payment for accrued leave at termination under the terms of the employer's written policy.

§ 3-505(b). Wages include "a fringe benefit" or "any other remuneration promised for service." § 3-501(c)(2). Plaintiff alleges that Defendant paid her a salary of $100,000 per year and offered benefits including short-term disability. ECF No. 1-2 ¶ 4, 6. Defendant's employee manual discusses this benefit. *Id.* ¶ 6. Drawing all reasonable inferences in Plaintiff's favor, Plaintiff became eligible for short-term disability payments when she was injured and became unable to work. However, when Defendant terminated Plaintiff, it did not pay Plaintiff this short-term

---

[3] There is no dispute that Plaintiff cannot assert a claim for loss of salary or wrongful termination because she was an at-will employee. ECF No. 9-1 at 11. Thus, this memorandum opinion does not address Defendant's arguments in sections IV.A.3, IV.A.4, and IV.B.3 of its memorandum in support of its motion to dismiss. ECF No. 6 at 10–11.

disability benefit. Thus, Plaintiff has stated a claim under the Maryland Wage Payment and Collection Act for unpaid wages.

Defendant's argument that no Maryland court has found short-term disability benefits to constitute an earned wage under the MWPCL does not change this analysis. First, the plain language of the Act defines wages to include "fringe benefits" and nothing in the statute suggests short-term disability benefits are excluded. § 3-501(c)(2). Further, Defendant points to no Maryland court holding that short-term disability cannot constitute an earned wage under the Act. Although evidence at a later stage in the litigation may show that Plaintiff was definitively not entitled to payment for accrued short-term disability benefits, at the motion to dismiss stage, Plaintiff has sufficiently alleged that she was improperly denied an accrued short-term disability benefit in violation of the MWPCL.

Similarly, Plaintiff's claim in the alternative that Defendant breached Plaintiff's employment contract by failing to provide her with accrued short-term disability benefits survives Defendant's motion to dismiss. Plaintiff alleges that short-term disability benefits were promised as a term of her employment and that she was terminated on the same day that she asked to access those benefits. Although Defendant may later show that Plaintiff was not entitled to short-term disability benefits because she did not qualify for these payments, at this stage Plaintiff has sufficiently alleged a breach of contract claim.

In contrast, however, Plaintiff fails to state a breach of contract claim for nonpayment of sick leave. Plaintiff has not alleged that Defendant denied her sick leave while she was employed. And given Plaintiff's allegation that she was entitled to unlimited paid-sick leave, it is not plausible that Defendant intended to pay Plaintiff for accrued sick leave after her termination. Thus, Plaintiff's breach of contract claim for paid sick leave will be dismissed.

### C. Motion to Amend Notice of Removal

After receiving service of process for a suit filed in state court, a defendant has thirty days to file a notice of removal, and within that thirty-day period the defendant may amend its notice of removal as a matter of course. *See* 28 U.S.C. § 1446(b). "[A]fter thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014). Usually, "amendment is appropriate for technical changes, such as the exact grounds underlying diversity jurisdiction." *Id.*

Defendant seeks to amend its Notice of Removal "to clarify and correct statements inadvertently made in the Notice of Removal." ECF No. 10 ¶ 6. Specifically, the Amended Notice of Removal clarifies that while the Plan became funded through a new policy effective May 1, 2015, Defendant had maintained a long-term disability insurance plan since July 1, 2001. These amendments do not furnish new jurisdictional allegations but simply correct factual allegations that clarify the jurisdictional basis already presented in the original Notice of Removal. Thus, Defendant's Motion for Leave to Amend Notice of Removal will be granted.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is denied, Defendant's Motion to Dismiss is granted in part and denied in part, Plaintiff is granted leave to amend her Complaint, and Defendant's Motion for Leave to Amend Notice of Removal is granted. A separate Order shall issue.

Date: <u>February 14, 2019</u>　　　　　　　　　　　　　　　　　　　____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge